**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4362

DOUGLAS E. MILLS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-97-205)

Submitted: February 11, 1999

Decided: March 9, 1999

Before ERVIN, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Theodore R. Dues, Jr., Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, John J. Frail, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Douglas Mills pled guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). At sentencing, the district court heard from witnesses and found that Mills should be held responsible for 191.41 grams of crack cocaine. Mills alleges on appeal that the Government's evidence supporting three ounces of that total amount was not sufficiently reliable, and that the district court erred in attributing the three ounces of crack cocaine to him. Finding no error, we affirm.

Mills pled guilty after he and his girlfriend, Latricia Collins, were arrested for conspiracy to distribute cocaine base. Mills made controlled buys from Collins' father, Ricky High, a Government informant. At sentencing, High testified that, in Collins' presence, Mills showed him cocaine base shaped in a cookie form and that Mills told High the total quantity of this cocaine base was three ounces. Detective Hart testified that Mills reported this incident to him the next morning. Collins, however, who was to be sentenced for her part in the conspiracy less than one week later, testified that the incident described by her father never happened.

We give due deference to the district judge's opportunity to assess the credibility of witnesses, and will only reverse the court's factual findings if they are clearly erroneous. See United States v. Williams, 977 F.2d 866, 870 (4th Cir. 1992). After full review of the record, and in deference to the district court's credibility determinations, we cannot say that the district court's crediting of Mills' testimony over Collins' was clearly erroneous. Accordingly, we affirm Mills' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2